UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, CDCR #T-67081,<br><br>                              Plaintiff,<br><br>vs.<br><br>JOHN CHAU, Physician, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-00245-GPC-BGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 8]** |

Plaintiff Keith Thomas, incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se and *in forma pauperis* ("IFP"), is proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.[1]

## I.      Procedural Background

In his original Complaint and Motion seeking a Temporary Restraining Order ("TRO"), Plaintiff claimed RJD Warden Pollard, Dr. Chau, Adelita Basto, a dietician,

---

[1] While the Court acknowledged Plaintiff is ordinarily barred by 28 U.S.C. § 1915(g) due to his litigation history when it considered his Motion to Proceed IFP, *see* ECF No. 5 at 4 n.5 (noting that Plaintiff has had fifteen civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim), Plaintiff was nevertheless granted leave to proceed IFP in this case because he included plausible allegations sufficient to satisfy 28 U.S.C. § 1915(g)'s exception for cases involving imminent or ongoing danger at the time he filed his original Complaint. *Id.* (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1049–50 (9th Cir. 2007)).

and Chief Medical Officer Glynn, violated his Eighth and Fourteenth Amendment rights between September 2019 and February 2020 by failing to authorize single-cell housing due to his incontinence, renew a prescription for a nutritional supplement, and grant his CDCR 602 inmate and health care appeals regarding his cell assignment and dietary needs.[2] *See* Compl., ECF No. 1 at 1–3; Mot. for TRO, ECF No. 4 at 9-11, 21-22, 43-59, 87-95, 124-130. While Plaintiff's Complaint itself was sparsely pleaded, he incorporated by reference factual allegations included in declarations attached to his TRO as support for his claims. *See* Compl. at 2–3. The Court reviewed Plaintiff's Complaint together with his TRO, declarations, and exhibits, and on September 9, 2020, dismissed his Complaint *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and simultaneously denied his Motion for a TRO. *See* ECF No. 5.

Specifically, the Court found that to the extent Plaintiff implied Defendants Pollard and Glynn violated his right to due process with respect to any of the CDCR 602 grievances or appeals he filed related to his request for single-cell status or a renewed dietary supplement, he failed to state a viable Fourteenth Amendment claim. *See* ECF No. 5 at 10–12. With respect to Plaintiff's claims that Pollard and Chau violated his Eighth Amendment rights by failing to authorize his placement in a single cell, the Court further found he failed to allege facts sufficient to plausibly suggest either of them acted with deliberate indifference to a serious risk to his health or safety. *Id.* at 14–16. Finally,

---

[2] Exhibits attached to both Plaintiff's original Complaint, TRO, and Amended Complaint ("FAC") all suggest he has misspelled Warden Pollard's name as both "Pollen" and "Pollan," and that he has misidentified Dr. John Chau, his Primary Care Provider at RJD, as "Dr. Chu" and "Dr. Chou." *See* Compl. at 2-3; FAC at 1, 7. For purposes of clarity and consistency, the Court will use what appear to be the correct spellings as referenced in the CDCR-generated medical and administrative grievance records attached as exhibits and incorporated by reference in both of Plaintiff's pleadings. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

the Court found that to the extent Plaintiff claimed Chau, Basto, or Glynn violated his Eighth Amendment rights by failing to renew a previous prescription for "Boost" dietary supplements, he also failed to allege facts sufficient to plausibly show any of them "personally did so with deliberate indifference to his serious medical needs." *Id.* at 16–17.

While the Court granted Plaintiff leave to amend his Eighth Amendment claims with respect to his housing and dietary supplements, it denied leave to amend his Fourteenth Amendment due process claims as futile. *Id.* at 17, 21 (citing *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend … unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (citation omitted). Plaintiff was advised his Amended Complaint would supersede his original, and that if he failed to take advantage of the opportunity to fix the Eighth Amendment pleading deficiencies identified, his case would be dismissed. *Id.* at 21–22 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into the dismissal of the entire action.")).

Plaintiff has since filed a First Amended Complaint ("FAC"), re-naming Pollard, Chau, Basto, and Glynn as Defendants, and adding several others, including A. Ferrer-Sazon (HC/RN), S. Roberts, M.D., S. Gates, Chief of Health Care Correspondence and Appeals, unidentified members of a Mental Health Interdisciplinary Treatment Team, and a John Doe ADA Coordinator. *See* FAC, ECF No. 8 at 1.

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

As Plaintiff now knows, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like him, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as

practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (citing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

**B.   FAC Allegations**

Plaintiff's FAC, like his original pleading, contains few facts and instead repeatedly refers to more than 100 pages of attached exhibits.[3] *See* FAC at 3–8. As before, Plaintiff continues to broadly claim his Eighth Amendment rights were violated when he was denied single-cell housing despite his incontinence; but he now adds allegations related to the need for a single-cell due to his "mental health concerns." *Id.* at 3–5, 15–66 (citing Exs. A–E). Plaintiff also re-alleges the discontinuation of his Boost

---

[3] These exhibits include Plaintiff's correspondence with Warden Pollard requesting single-cell status dated February 13, 2020, *see* Pl.'s Exs. A & B, ECF No. 8 at 15–23; CDCR 602 HC Log No. RJD HC 20000184, a Health Care Grievance requesting "permanent single-cell status" based on Plaintiff's incontinence and "mental disability," supplemental attachments, and institutional responses, *id.*, Ex. C at 24–40; CDCR MH-7368 Declaration in Support of Renewal of Involuntary Medication based on Plaintiff's "schizoaffective disorder, bipolar type" dated December 20, 2017 and signed by S. Hansen, MD, *id.*, Ex. D at 41–50; CDCR 602 HC Log No. RJD HC 20000378, another Health Care Grievance requesting single-cell status based on incontinence, including institutional responses, *id.*, Ex. E at 51–66; CDCR 602 HC Log No. RJD HC 20000162, a third Health Care Grievance requesting the renewal of Boost dietary supplements, including institutional responses, *id.*, Ex. F at 67–88; CDCR 602 HC Log No. RJD HC 19002052, another Health Care Grievance requesting pain medication, physical therapy, and an MRI for osteoarthritis and hip pain, including institutional responses and medical progress notes, *id.*, Ex. G at 89–107; and an X-Ray Request Report Form noting Plaintiff's "old bilateral hip pinnings," "mild bilateral hip osteoarthritis," normal S-I joints, and "phleboliths in the pelvis" dated December 10, 2003. *Id.*, Ex. H at 108.

dietary supplements violated his Eighth Amendment rights claiming "prison official[s] knew about [his] … weight loss," but "fail[ed] to respond reasonably" to his "serious medical needs." *Id.* at 5–6, 67–88 (citing Ex. F). Finally, Plaintiff asserts a new Eighth Amendment violation based on claims related to "osteoarthritis in [his] right femur," and the denial of opioid therapy which he claims is required to treat his hip pain. *Id.* at 6–8, 89–106 (citing Exs. G & H). He seeks injunctive relief requiring a "screen authority" to review his single-cell status, a renewal of dietary supplements, an assessment for opioid therapy, asks that his case proceedings be "put … on the internet," and $6 million on general and punitive damages. *Id.* at 14.

### C.     42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### D.     Discussion

As noted above, Plaintiff's FAC continues to claim Defendants violated his Eighth Amendment rights by failing to assign him to a single cell and to renew a prescription for a dietary supplement. *See* FAC at 3–6. It then adds a new Eighth Amendment inadequate medical care claim related to pain therapy for his osteoarthritis against a sub-set of Defendants; but this new Eighth Amendment claim appears unrelated to his original incontinence, mental health, diet, or housing needs. *Id.* at 6–8. And while Plaintiff's FAC mostly identifies Defendants in groups, and does not clearly single out what each individual person allegedly did to cause him injury, the Court liberally construes and incorporates the voluminous CDCR 602 Health Care Appeal records he attaches as exhibits to suggest Plaintiff seeks to hold Dr. Chau, Warden Pollard, and Dietician Basto

personally responsible for refusing his housing and medical requests, and S. Roberts, M. Glynn, S. Gates, and A. Ferrer-Sazon responsible for failing to correct Pollard, Chau, and Basto's alleged failures via the CDCR 602 Health Care Appeal procedure.[4]

### 1. Original Eighth Amendment Claims

To the extent Plaintiff's FAC repeats claims that Defendants Pollard, Chau, and Basto violated his Eighth Amendment rights with respect to either his cell assignment or his dietary needs, the Court continues to find he has failed to allege a plausible claim upon which § 1983 relief can be granted. *See Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). These include "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472; *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer*, 511 U.S. at 832.

A prisoner does not have an Eighth Amendment right to be housed in a single cell. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981) (double-celling does not violate Eighth Amendment unless it amounts to unnecessary and wanton pain). Nor is there a Fourteenth Amendment right to claim a particular security classification or housing

---

[4] The Court previously cautioned Plaintiff that it is not required to "to wade through exhibits to determine whether cognizable claims have been stated." *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. Jan 13, 2015); *see also Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011) ("The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits."). However, because Plaintiff now refers to specific exhibits with respect to each of his claims, and incorporates each exhibit by reference, the Court will consider them in order to conduct its mandatory screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See e.g.,* FAC at 3–8 (citing Exs. A–H).

classification. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. *See Meachum*, 427 U.S. at 224–25 (no liberty interest in placement in particular facility); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (no Due Process right to be housed in a certain barrack or housing unit or with certain inmates); *Bjorlin v. Hubbard*, No. CIV S–09–1793, 2010 WL 457685, *1 (E.D. Cal. Feb. 4, 2010) (same).

Instead, and as this Court noted in its September 9, 2020 Order, to properly plead a claim of "cruel and unusual" punishment, Plaintiff must allege facts to demonstrate he was confined under conditions posing a risk of "objectively, sufficiently serious" harm *and* that the prison officials he seeks to hold liable had a "sufficiently culpable state of mind." *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). There is both an objective and subjective component to the inquiry. *Hallett v. Morgan*, 296, F.3d 732, 744 (9th Cir. 2002). First, the Eighth Amendment requires Plaintiff to plead facts sufficient to show he was subjected to an objectively serious deprivation of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 832. The "routine discomfort inherent in the prison setting" is inadequate to satisfy the objective prong of the inquiry. *Johnson*, 217 F.3d at 731.

Second, Plaintiff must allege facts sufficient to plausibly show each official acted with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. This requires him to allege facts demonstrating that the official displayed a subjective indifference "to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. If an official

"should have been aware of the risk, but was not, then the [official] has not [violated a party's Constitutional rights], no matter how severe the risk." *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Eighth Amendment] be condemned as the infliction of punishment.").

### a.   Single-Celling

With respect to his cell assignment, Plaintiff continues to claim both Warden Pollard and Dr. Chau violated his Eighth Amendment rights by failing to authorize his placement in a single cell.[5] *See* FAC at 3–4. But even if the Court assumes Plaintiff's incontinence or his mental health are objectively serious medical conditions that could render him potentially eligible for either single-cell housing consideration, *see e.g.*, *Rankins v. Liu,* No. 2:15-CV-1164-KJM-DBP, 2019 WL 5260452, at *5 (E.D. Cal. Oct. 17, 2019) (finding prisoner's permanent incontinence following transurethral resection of the prostate was objectively serious medical need), *report and recommendation adopted,* No. 2:15-CV-01164-KJM-DBP, 2019 WL 6170635 (E.D. Cal. Nov. 20, 2019); *Lipsey v. Depovic*, No. 1:18-cv-00767-JDP, 2019 WL 3530323, at *9 (E.D. Cal. Aug. 2, 2019)

---

[5] Plaintiff also mentions a "Mental Health Interdisciplinary Treatment Team" and a "John Doe ADA Coordinator" in the caption of his FAC, but does not include any facts in the body of his pleading to explain how these unidentified entities violated his Eighth Amendment rights. Rule 10 of the Federal Rules of Civil Procedure requires that the caption of a Complaint "name all the parties...." Fed. R. Civ. P. 10(a). However, "the question of whether a defendant is properly in a case is not resolved merely by reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). "Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Id.* In other words, "the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). Thus, while it remains unclear whether Plaintiff even intended to include these entities as parties to his Eighth Amendment claims, the Court nevertheless finds the body of his pleading is "devoid of further factual enhancement" which "allows [it] to draw the reasonable inference" that these purported Defendants are not "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

(noting "bipolar affective disorder" as an objectively serious medical need); *Padilla v. Beard,* No. 2:14-cv-1118 KJM-CKD, 2017 WL 1253874, at *15 (E.D. Cal. Jan. 27, 2017) (finding inmate exhibiting symptoms of psychosis had established a serious medical need for purposes of the objective prong of an Eighth Amendment claim), he still fails to allege facts sufficient to show that either Pollard or Dr. Chau acted with "deliberate indifference" to a serious risk to his health or his safety when they failed to designate him eligible for single-celling. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "[T]he prison official must not only [be alleged to] 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also [be alleged to have] draw[n] the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).

And while Plaintiff has now amended his pleading to include the legally significant term "deliberate indifference," *see* FAC at 3, to state a claim for relief that is plausible on its face, he must provide more than "labels and conclusions" or offer a mere "formulaic recitation of the elements" of an Eighth Amendment claim. *Twombly*, 550 U.S. at 555. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.[6] Because Plaintiff's FAC still fails to include factual allegations against Warden Pollard or Dr. Chau sufficient to plausibly show they "[knew] of and disregard[ed] an excessive risk" to either his mental health or his physical safety with respect to his alleged need for single-cell placement,

---

[6] In his original Complaint, Plaintiff included allegations that two prior cellmates had subjected him to verbal threats and harassment due to his incontinence, and he claimed to fear a future "uncontrol[ed] mishap" would render him vulnerable to physical attack by his cellmate should he continue to be double-celled. *See* Compl., ECF No. 1 at 3. In fact, the Court granted Plaintiff, who is otherwise barred by 28 U.S.C. § 1915(g), leave to proceed IFP based on these "plausible allegations of ongoing danger" at the time he filed his original Complaint. *See* ECF No. 5 at 4 n.5. Plaintiff's FAC, however, omits any reference to past, or future danger, threat, harm, or injury at the hands of any former or current cellmate. In this way, Plaintiff's FAC contains even less "factual matter" with respect to his Eighth Amendment housing claims than his original Complaint. *See Iqbal*, 566 U.S. at 678; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend not re-alleged in amended pleading are "considered waived if not repled.").

*Farmer*, 511 U.S. at 837; *Iqbal*, 556 U.S. at 678, these claims again demand *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). *See e.g., Dillingham v. Garcia*, No. 1:19-CV-00461-AWI-GSA PC, 2021 WL 971331, at *8 (E.D. Cal. Mar. 15, 2021) (dismissing prisoner's Eighth Amendment claims related to double-celling *sua sponte* pursuant to 28 U.S.C. § 1915A because he failed to allege facts "showing that either of the defendants knew and understood that Plaintiff had a serious medical or mental health care need which [posed] an excessive risk to [his] health," if he were not single-celled and "yet ignored it or acted unreasonably under the circumstances.").

      *b.*  *Dietary Supplements*

  With respect to his Boost nutritional supplements, Plaintiff re-alleges that Defendant Basto's refusal to renew them in January 2020 violated his Eighth Amendment rights because "prison official[s] knew about [his] … weight loss," but "fail[ed] to respond reasonably" to his "serious medical needs." FAC at 5–6, 67–88 (citing Ex. F). Plaintiff claims he sustained a weight loss of "20 something pounds" between October 2019 and April 2020, *see* FAC at 5, and that Defendants Ferrer-Sazon, Roberts, Glynn, Gates, and Pollard all knew about his "serious weight loss and fail[ed] to respond reasonably to it." *Id.* at 6.

  But Plaintiff again offers no facts in support of this claim, and does not explain what Ferrer-Sazon, Roberts, Glynn, Gates, or Pollard did or failed to do with respect to his dietary supplements. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual action, has violated the Constitution."). Although Plaintiff's FAC must be construed liberally, even a pro se plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation marks and citation omitted).

  Plaintiff does refer to Exhibit F, which comprises copies of a CDCR 602 Health Care Grievance, Tracking No. RJD HC 20000162, submitted on Jan. 28, 2020, in which

11

1  he objected to Basto's refusal to renew his Boost, or Liquid Nutritional Supplements
2  ("LNS"). *See* FAC, Ex. F at 68. But even in his grievance, Plaintiff acknowledges Basto
3  told him the renewal was not necessary because his "albumin [levels] w[ere] normal." *Id.*
4  While Plaintiff may have disagreed with the dietician, a difference of opinion between an
5  inmate and prison medical personnel—or between medical professionals—regarding
6  appropriate medical diagnosis and treatment is not enough to establish a deliberate
7  indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d
8  at 1058.

9        The Institutional Level Response to CDCR 602 Health Care Grievance, Tracking
10  No. RJD HC 20000162 dated April 1, 2020, the Headquarters Level Response dated June
11  3, 2020, as well as the selected portions of Plaintiff's medical records, attached as part of
12  Exhibit F, further show that Defendants Ferrer-Sazon interviewed Plaintiff in response to
13  his grievance, noted he had been seen by both the Registered Dietician Nutritionist
14  (Basto), and his Primary Care Provider (Dr. Chau), that he sustained "no significant
15  weight loss change," and that his "albumin [was] within normal limits." FAC, Ex. F at
16  70-71. Ferrer-Sazon also advised Plaintiff his weight would be monitored, and that he
17  would be considered for another dietician referral if his weight further decreased. *Id.* at
18  68, 71. Based on this interview and a review of Plaintiff's medical records, which showed
19  he "did not meet the criteria for LNS," that he had a body mass index of 22, and included
20  his PCP's assessment that Plaintiff "appeared well-nourished" and was exhibiting "no
21  acute distress," Defendants Roberts, Glynn, and Gates all concluded a "general
22  population diet [wa]s appropriate to meet [his] needs." *Id.* at 70–74.

23        Thus, even if Plaintiff had included the facts contained in Exhibit F in the body of
24  his FAC, the Court finds they do not plausibly show any Defendant acted with deliberate
25  indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Nor do they "allow
26  the court to draw the reasonable inference" that Basto's failure to renew his liquid dietary
27  supplements in late January 2020 caused him any harm. *See Iqbal,* 556 U.S. at 678; *Jett*,
28  439 F.3d at 1096 (plaintiff demonstrates "deliberate indifference" by showing a

purposeful act or failure to respond to a prisoner's pain or possible medical need *and* harm caused by the indifference); *see also Spengler v. T.T.C.F. Pharmacy,* No. CV 19-2553-DOC (SP), 2021 WL 885625, at *4 (C.D. Cal. Jan. 28, 2021) (dismissing prisoner's claim that dietician's refusal to provide a vegetarian cheese supplement, milk replacement, and supplemental booster caused his injuries, since he indicated "he was already experiencing weight loss and feeling sick" as a result of other health deficiencies), *report and recommendation adopted,* No. CV 19-2553-DOC (SP), 2021 WL 885581 (C.D. Cal. Mar. 8, 2021).

### 2. Newly Alleged Eighth Amendment Claim

In addition, Plaintiff asserts a new Eighth Amendment violation based on claims related to "osteoarthritis in [his] right femur," and Dr. Chau's decision to deny him opioid therapy which he claims is required to treat his pain. *See* FAC at 6–8, 89–106 (citing Exs. G & H). As he did with his original Eighth Amendment dietary supplement claims, Plaintiff offers no factual support in the body of his pleading, but contends Defendants Ferrer-Sazon, Roberts, Glynn, and Gates also "failed to respond to [his] serious medical need in the 602 Appeal Institutional Level Response and Headquarters Level Response," which he simply attaches as Exhibits. *Id.* at 7–8.

First, while several of the newly-named inmate appeal officials Plaintiff seeks to sue with respect to this newly alleged inadequate medical care claim against Dr. Chau are the same officials alleged to have reviewed and denied the CDCR 602 health care appeal he filed against Defendant Basto (Ferrer-Sazon, Roberts, Glynn, and Gates), this separate and unrelated Eighth Amendment claim involving Plaintiff's osteoarthritis and opioid therapy is not properly joined to the Eighth Amendment single cell and dietary supplement causes of action at issue in this case because it does not relate to, or arise from, those original transactions or occurrences. *See* Fed. R. Civ. P. 20(a).

A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party. *See* Fed. R. Civ. P. 18. "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing

joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2)(A)–(B); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Second, even if this new Eighth Amendment claim were not mis-joined, the Court finds Plaintiff's allegations fail to state a plausible claim for relief with respect to any Defendant, and they too must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Specifically, Plaintiff claims that he has "osteoarthritis in his right femur joint" that "pops" when he moves it and causes him "intense[]" pain. *See* FAC at 6. He claims to have requested pain medication via a CDCR 602 Health Care Grievance submitted on December 15, 2019, Tracking No. HC 19002052, *id.*, Ex. G at 89–94, but claims Dr. Chau provided "medically unacceptable care that is grossly incompetent," and failed to follow "CCHS guidelines," which he contends "require opioid therapy." *Id.* at 6.

To the extent Plaintiff claims Dr. Chau violated his Eighth Amendment rights by failing to provide him with opioids, as opposed to a continuation of his "current pain medications," physical therapy, and even a total hip replacement, as was recommended by an orthopedic specialist, but refused by Plaintiff, *id.* at 95–96, 98, he fails to allege facts sufficient to support a claim of deliberate indifference. *See Toguchi,* 391 F.3d 1051, 1060. As was true with respect to his purported need for dietary supplements, "[a]

difference of opinion between a physician and the prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc). While Plaintiff claims he requires opioids to treat his osteoarthritis, nothing in his FAC or Exhibit G, which is comprised of his medical records, CDCR Health Care Appeal Tracking No. RJD HC 19002052, and both the Institutional and Headquarters Level Responses, provides any factual support for a deliberate indifference claim. *See, e.g., Fausett v. LeBlanc*, 553 F. App'x 665 (9th Cir. 2014) (affirming summary judgment for defendants where doctors did not provide Valium ordered in hospital-discharge instructions after spinal-fusion surgery and instead provided substitute medicine and other pain medications); *Gauthier v. Stiles*, 402 F. App'x 203 (9th Cir. 2010) (prisoner's disagreement with the dosage and type of pain medication administered after surgery did not rise to the level of deliberate indifference); *Brauner v. Coody*, 793 F.3d 493, 497 (5th Cir. 2015) (although plaintiff stated that he required more pain relief than the over-the-counter and prescription medications provided by prison doctors for his undisputed bone infection with open sores, "these are 'classic example[s] of a matter for medical judgment' " and, as a matter of law, do not amount to deliberate indifference); *Miller v. California Dep't of Corr. & Rehab.*, No. 16-CV-02431-EMC, 2018 WL 534306, at *19 (N.D. Cal. Jan. 24, 2018) (finding no constitutional violation for decision to prescribe non-narcotic pain medications even where the prisoner continued to complain of pain while on morphine). Thus, because neither the allegations in Plaintiff's FAC nor the exhibits he attaches support a reasonable inference of deliberate indifference on the part of Dr. Chau with respect to Plaintiff's osteoarthritis or the course of treatment, he cannot be held liable for violating Plaintiff's Eighth Amendment rights. *See Iqbal*, 556 U.S. at 678.

Finally, as he did with respect to his dietary supplement claims, Plaintiff also seeks to hold Defendants Ferrer-Sazon, Roberts, Glynn, and Gates responsible for failing to appropriately respond in their "602 Appeal Institutional Level and Headquarters Level

Response[s]." *Id.* at 8, Ex. G. at 95–99. But he includes no additional facts describing how or to what extent any of these appeals-official Defendants personally acted with deliberate indifference to his serious medical needs. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights."); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). The denial of an administrative grievance, without more, is insufficient to establish a civil rights violation. *See e.g., Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (the denial of or failure to respond to administrative grievances will not support a civil rights claim)*; see also Jordan v. Asuncion*, No. CV 17-1283 PSG (PVC), 2021 WL 964044, at *10 (C.D. Cal. Jan. 15, 2021), *report and recommendation adopted*, No. CV 17-1283 PSG (PVC), 2021 WL 963752 (C.D. Cal. Mar. 12, 2021) (finding prisoner "ha[d] not even stated a constitutional claim" against a doctor whose opinion was offered "merely [as] a part of the CDCR's review of Plaintiff's appeal.").

Pursuant to § 1983, Plaintiff must, at minimum, allege some factual content to describe how each individual person he seeks to sue violated the Constitution. *Iqbal*, 556 U.S. at 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). He may not attribute liability to a group of inmate appeals reviewers as he has, but instead must "set forth specific facts" as to each individual defendant's wrong. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For all these reasons, the Court finds Plaintiff's FAC still fails to allege any plausible claim for relief under the Eighth Amendment as to any Defendant and concludes that *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) remains warranted. *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

### E.   Leave to Amend

On September 7, 2020, the Court explained Plaintiff's pleading deficiencies, and because it was not absolutely clear he could not allege additional facts to state plausible Eighth Amendment claims for relief, granted him leave to amend. *See* ECF No. 5 at 17 (citing *Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Despite having had this opportunity, Plaintiff still fails to state an Eighth Amendment claim against any Defendant. Therefore, the Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated:  May 14, 2021

Hon. Gonzalo P. Curiel
United States District Judge